[No. 22459. Department Two. December 11, 1930.]

*In the Matter of the Rights to the Use of the Waters of*
ICICLE CREEK.

THE STATE OF WASHINGTON, *Plaintiff*, v. ICICLE IRRIGA-
TION DISTRICT *et al.*, *Respondents*, SNOW CREEK
WATER COMPANY *et al.*, *Appellants.*[1]

*Herman Howe*, for appellants Snow Creek Water
Co. *et al.*

*J. T. Lindley*, for appellant City of Leavenworth.

*Wm. A. Grimshaw*, for respondent Icicle Irrigation
District.

*Burt J. Williams*, for respondent Peshastin Irriga-
tion District.

MAIN, J.—This is a statutory proceeding for the
adjudication of the waters of Icicle creek and its tribu-
taries. Charles J. Bartholet, assistant state super-

[1]Reported in 294 Pac. 245.

visor of hydraulics, was by the superior court appointed referee to take the testimony and make a report. To the report made, the Snow Creek Water Company, a corporation, the Cascade Orchards Irrigation Company, a corporation, the City of Leavenworth and the Icicle Irrigation District, a corporation, filed exceptions. A hearing was had before the superior court, which resulted in a judgment sustaining the exceptions of the Icicle Irrigation District, and in all other respects affirming the report of the referee. From this judgment, the Snow Creek Water Company, the Cascade Orchards Irrigation Company and the city of Leavenworth appeal.

Icicle creek is a stream in Chelan county, about twenty-five miles in length, which flows into the Wenatchee river about one-half mile above the city of Leavenworth. Snow creek is the principal tributary to Icicle creek, and is a stream four or five miles in length. February 2, 1910, S. P. Beecher posted a notice of appropriation of the waters of Snow creek, which recited that the diversion was "at this point about three miles above the mouth." On the same day, Beecher posted another notice for the storage of water, which recited, "by a dam at this point in connection with the water appropriation by me of even date." October 14, 1910, Beecher posted another notice of appropriation, which recited that the diversion was "here at this point," which was about a mile down the stream from where the prior notice was posted, specifying that as the point of diversion. April 29, 1910, L. P. Horton posted a notice for the diversion of the waters of Snow creek. Prior to this time, and on April 2, 1910, Horton had posted a notice for the appropriation of the waters of Icicle creek. The Snow Creek Water Company claims under the notices posted

by Beecher; the Icicle Irrigation District claims under the notices posted by Horton.

It will be observed that the notices posted by Horton, one on Icicle creek and the other on Snow creek, were subsequent to the first two notices posted by Beecher, but prior to the notice posted October 14, 1910. Very soon after the posting of the notices on Icicle creek and Snow creek by Horton, construction was begun upon the flume and ditch, which construction was prosecuted to completion without delay, a large amount of money being expended. The actual construction under the Horton notices was begun prior to the filing of the Beecher notice of October 14, 1910. At the present time, through that ditch there is being irrigated approximately five thousand acres of land in a high state of cultivation. The construction of the flume and ditch under the Beecher notices of appropriation was not begun until the month of April, 1911, though a survey had been made during the prior year. Beecher testified as follows:

"Survey was done through the summer and fall of 1910. Land was purchased for a sawmill site and I think that was all except organizing the corporation, etc. It all was done in 1910. In the spring of 1911, as soon as we could move into the camp, actual work was commenced on the right of way and getting timber and moving the sawmill. The lumber was all cut out in 1911 and actual flume construction commenced in the spring of 1912, the flume construction, but the grading was done in 1911, a good part of it, for the flume."

The principal question presented is whether the Snow Creek Water Company or the Icicle Irrigation District has the superior right to the waters of Snow creek.

The appropriations relied on by the respective parties were made prior to the passage of the water code in 1917 (Laws of 1917, ch. 117, p. 447; Rem. Comp.

Stat., § 7351). The law under which they were made will be found in Remington & Ballinger's Annotated Codes and Statutes, title XLVIII, chapter 1. Section 6316, one of the sections of this chapter, provides that the right to use the water in any stream in this state for irrigation purposes may be acquired by appropriation, and, as between appropriators, "the first in time is the first in right." Section 6317 provides that any person desiring to appropriate water "must post a notice in writing in a conspicuous place at the point of intended storage or diversion . . ." By § 6318 it is provided that, if the use is by storage, the appropriator must, "within three months after the notice is posted, commence the construction of the works by which it is intended to store the same;" if the use is by diversion, the appropriator· must,

". . . within six months after the notice is posted, commence the excavation or construction of the works by which it is intended to divert the same, it being herein expressly provided that such works must be diligently and continuously prosecuted to completion, unless temporarily interrupted by the elements."

Section 6319 provides that, by a "strict" compliance with the above statutory provisions, the appropriator's right to use the water actually stored or diverted relates back to the time the notice was posted, but that a failure to comply "therewith deprives the appropriator of the right to use the water as against a subsequent appropriator who faithfully complies with the same."

The construction under the Beecher appropriations was not begun within the six-months' period provided for in the case of diversion, and the work on the dam was not begun within the three-months' period. By § 6319, the failure to begin the construction upon the dam, or upon the flume or ditch, within the time speci-

fied subordinates the rights under the Beecher appropriation to those of the Horton appropriation, since the latter strictly complied with the statutory requirements as to the posting of notices, the beginning of construction and the completion thereof. Under the facts and the law under which the appropriations were made, the trial court correctly held that the Icicle Irrigation District had the superior right. The cases of *State ex rel. Ham, Yearsley & Ryrie v. Superior Court,* 70 Wash. 442, 126 Pac. 945, and *In re Crab Creek and Moses Lake,* 134 Wash. 7, 235 Pac. 37, are not out of harmony with what is herein said.

There are some other questions of minor importance discussed in the briefs of the Snow Creek Water Company and the Icicle Irrigation District, all of which have been considered, and in none of them do we find substantial merit. Upon the appeals of the Cascade Orchards Irrigation Company and the City of Leavenworth, little need be said. Each of those appellants complained principally of the amount of water to which it was adjudged entitled. The referee fixed the amount in each case, and the trial court sustained it. The record furnishes no reason for disturbing the finding of the referee and the judgment of the trial court as to either of these appellants.

The judgment will be affirmed.

MITCHELL, C. J., FULLERTON, and HOLCOMB, JJ., concur.